IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CITY OF DURHAM and | ) | |
| COUNTY OF DURHAM, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:08CV425 |
| | ) | |
| IRIS WADSWORTH and | ) | |
| EMMETT W. CALDWELL, | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on Plaintiffs' motion for remand of this action to State court. (Docket No. 18.) On review of the motion and the *pro se* Defendants' response, and for reasons set forth below, the Court finds that Plaintiffs' motion should be granted and that this action should be remanded to the General Court of Justice for Durham County.

Plaintiffs, the City and County of Durham, brought suit in Durham district court against Defendants Iris Wadsworth, Emmett W. Caldwell, and Melvin Farrington (Trustee) on December 27, 2007, in case number 07-CVD-6504. The action was a tax foreclosure proceeding wherein the City and County sought a judgment for unpaid property taxes and the appointment of a commissioner to sell the property in satisfaction of the judgment. It

appears that Defendant Caldwell was served by publication, with a response deadline of April 14, 2008. On April 3, Defendants filed for an extension of time to answer until June 2, 2008. On June 23, Defendants filed a notice of removal of the action to this Court. (Docket No. 3.) Defendants also filed a counterclaim, alleging that the state tax statutes at issue were unconstitutional and denied Defendants due process of law.

On August 18, 2008, Plaintiffs moved to remand the action to state court. The basis of the motion is that this Court lacks subject-matter jurisdiction because the original complaint raised no federal question. Plaintiffs concede that Defendants' counterclaim seeks to raise federal questions but they argue that the only relevant inquiry on the issue of remand is whether Plaintiffs' complaint in State court raised a federal question.

Pursuant to 28 U.S.C. § 1447(c), a motion to remand on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days of notice of removal. Thus, while Plaintiffs' remand motion was filed more than 30 days after removal, the Court must nonetheless consider the motion insofar as it is grounded upon an alleged lack of subject matter jurisdiction. Defendants' removal was based upon federal question jurisdiction pursuant to 28 U.S.C. § 1331. In determining if a federal question exists, the first question is "whether federal or state law creates the cause of action." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994).

It is well established that federal question jurisdiction must be established by reference only to the plaintiff's complaint. "In order to remove a case under federal question

jurisdiction, the federal question 'must be an element, and an essential one, of the plaintiff's cause of action.'" *Williamsburg Plantation, Inc. v. Bluegreen Corp.*, 478 F. Supp. 2d 861, 863 (E.D. Va. 2006)(quoting *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936)). The federal question must appear on the face of the properly pleaded complaint. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826 (2002). A counterclaim or answer to the complaint, filed by the defendant, cannot serve as the basis for federal jurisdiction. *Id*. at 831.

On review, it is apparent that the complaint in this action was based solely on state law. The action is a county tax foreclosure. Accordingly, the complaint raised no federal question and provides no basis for federal subject matter jurisdiction. This court is therefore without subject matter jurisdiction over the controversy raised in the complaint, and the action should therefore be remanded to State court.

## Conclusion

For reasons set forth above, **IT IS RECOMMENDED** that Plaintiffs' motion to remand this action to State court for lack of subject matter jurisdiction (Docket No. 18) be granted. In view of this recommendation for remand, no other pending motions need be reached.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: January 23, 2009